■ FRANK F. BODENMILLER, JR., Appellant, v WILLIAM E. REGAN et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of respondents discharging petitioner from his position as a volunteer auxiliary police officer, petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated October 4, 1983, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

We agree with Special Term's conclusion that petitioner was not constitutionally or statutorily entitled to a hearing when dismissed from his position as a volunteer auxiliary police officer for misconduct (*see,* McKinney's Uncons Laws of NY § 9122 [4] [b] ["State Defense", L 1951, ch 784]). Section 10-3 of the Rules and Regulations of the Suffolk County Auxiliary Police Force (McKinney's Uncons Laws of NY § 9122 [4] [c] ["State Defense", L 1951, ch 784]) provides that: "[a] member of the Auxiliary Police who has been dismissed may seek and, at the discretion of the County Director of the Department of Emergency Preparedness, be granted a review of his case by the Suffolk County Director of the Department of Emergency Preparedness".

In the case at bar, respondent Regan upheld the original determination to dismiss petitioner and declined to grant further review. Given respondents' evidence of petitioner's misconduct, respondents did not act arbitrarily or capriciously (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222). O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.